[720 NYS2d 154]

# In the Matter of STEPHEN PAUL RATHJEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 29, 2001

**APPEARANCES OF COUNSEL**

*Grace D. Moran*, Syosset, for petitioner.

*Stephen Paul Rathjen*, Hauppauge, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition containing five charges of professional misconduct. After a hearing, the Special Referee sustained Charges One, Two, Three, and Five, and recommended that Charge Four be dismissed. The Grievance Committee now moves to confirm the Special Referee's report to impose such discipline as the Court deems just and proper. The respondent has submitted an affirmation in opposition to the motion to confirm and, in the alternative, asks that any discipline imposed not involve a suspension of his ability to practice law.

The charges of the petition are predicated upon a common set of factual allegations. In or about 1989, the respondent represented Claudette Telfair in an employment dispute with the United States Postal Service based on its failure to reinstate her following an injury. Ms. Telfair was awarded $39,500 in settlement of her claims. From that sum, the respondent deducted approximately $13,000 in legal fees and expenses. Ms. Telfair received $26,500 of the settlement proceeds.

When Ms. Telfair expressed an interest in purchasing a house, the respondent informed her of a house in foreclosure which was allegedly owned by another of his clients. The respondent advised Ms. Telfair that she could purchase the house by paying $20,000 to stop the foreclosure and making monthly mortgage payments thereafter. The respondent further advised her that she could receive the deed and assume the mortgage in six months. Ms. Telfair could then refinance the house and reduce the 10½% interest rate on the mortgage to 8 or 8½%.

In or about December 1989, Ms. Telfair gave the respondent $20,000 and moved into the house. For approximately six months, she forwarded to the respondent monthly mortgage payments of $937, plus taxes and insurance costs. The respondent deposited those checks into his account at National Westminster Bank and issued checks drawn on that account to Greenpoint Savings Bank, the mortgagee. The amount of the mortgage was approximately $104,000.

The respondent deeded the premises to Ms. Telfair on June 7, 1990, and filed the deed in the Suffolk County Clerk's office on June 20, 1990. The deed states that the property was

conveyed subject to the approximate principal mortgage balance of $104,000. No transfer tax was paid. The deed makes no reference to Ms. Telfair's $20,000 payment to the respondent. It states that Ms. Telfair agreed to hold the respondent harmless in connection with the mortgage balance.

When Ms. Telfair contacted Greenpoint Savings Bank to attempt to have the mortgage transferred to her name, she learned that the mortgage was not assumable and that the respondent was the mortgagor. The bank thereafter advised Ms. Telfair to stop making mortgage payments.

The bank commenced a foreclosure proceeding against both the respondent and Ms. Telfair and the property was foreclosed on or about May 8, 1992. The respondent had purchased the home from another client in or about April 1988. Greenpoint Savings Bank had commenced a foreclosure proceeding against the respondent in February 1989, which was later withdrawn.

Ms. Telfair was not represented by another attorney, and there was no third person present during the discussions between her and the respondent.

The respondent has not produced any writing memorializing any disclosures to Ms. Telfair concerning his ownership of the property or the possible or probable consequences to her by agreeing to the respondent's proposal. Ms. Telfair was unsuccessful in her attempts to contact the respondent with respect to the information obtained from the bank.

Charge One alleged that the respondent entered into a business transaction with a client, Claudette Telfair, in which he had a personal, undisclosed interest which differed from the client's interest and that the client had a reasonable expectation that the respondent would exercise his professional judgment for her protection. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 5-104 (a) (22 NYCRR 1200.23 [a]), as then in effect.

Charge Two alleged that the respondent provided legal advice to Claudette Telfair in a matter in which the exercise of his professional judgment on her behalf was affected by his own financial, business, property, and personal interests, without disclosing those interests or obtaining her consent, in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]), as then in effect.

Charge Three alleged that the respondent misled and deceived Claudette Telfair with respect to the true owner of the property, the assumability of the mortgage, the conse-

quences of the hold harmless clause of the deed, and the legality of the transfer to her. The respondent also engaged in dishonest, misleading, and deceitful conduct by cashing Ms. Telfair's mortgage payments and substituting his own checks to send to the mortgagee, Greenpoint Savings Bank. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Five alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On the basis of the respondent's admissions and the evidence adduced with respect to this transaction, the Special Referee properly sustained Charges One, Two, Three, and Five. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee took note that this disciplinary proceeding is based upon a transaction which took place between the respondent and a single client more than 10 years ago. The Special Referee had no knowledge of any prior complaint against the respondent.

The respondent's prior disciplinary history is extensive, consisting of five letters of caution and three letters of admonition between the years 1985 and 2000.

Although the respondent objects to the Grievance Committee's characterization of the reasons underlying his disciplinary history, he failed to avail himself of the opportunity afforded by 22 NYCRR 691.6 to dispute those findings. The respondent's mishandling of the Telfair matter, coupled with his extensive disciplinary history, warrants his disbarment.

BRACKEN, ACTING P. J., O'BRIEN, RITTER, SANTUCCI and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stephen Paul Rathjen, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen Paul Rathjen is commanded to desist and

refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.